UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHARLES T. LAWRENCE, JR.

    Defendant,

and

LANDES PRIVE LLC,
LANDES AND COMPAGNIE TRUST PRIVE,
also known as Landes and Compagnie Trst Prive KB,
HEKYEAH LLC, JUSTIN SMITH
and BRENDA M. BISNER,

    Relief Defendants.

**UNDER SEAL**
Case No. 23-cv-550-pp

---

## ORDER GRANTING (WITH MODIFICATIONS) PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, AND GRANTING PLAINTIFF'S EMERGENCY MOTION FOR ANCILLARY RELIEF (DKT. NO. 2)

---

Plaintiff United States Securities and Exchange Commission filed an *ex parte* emergency motion for a temporary restraining order, asset freeze order and emergency ancillary relief against defendant Charles T. Lawrence, Jr., and a motion for an asset freeze order against relief defendants Landes Prive, LLC, Landes and Compagnie Trust Prive (a/k/a Landes and Compagnie Trst Prive KB), HekYeah, LLC, Justin D. Smith and Brenda M. Bisner. Dkt. No. 2. After considering the plaintiff's emergency motion and attachments and the plaintiff's arguments during a hearing on May 3, 2023, the court **FINDS**:

This court has federal question jurisdiction over the subject matter of this case and there is cause to believe that it has jurisdiction over the parties;

The plaintiff has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by the defendant, and there is good cause to believe that the plaintiff will succeed in establishing the alleged violations; and

The court finds good cause to believe that, unless restrained and enjoined by a court order, the defendant may continue to violate the federal securities laws and may dissipate, conceal or transfer assets which could be subject to an order of disgorgement or civil penalties.

The court is issuing this order without notice being provided to the defendant or to the relief defendants under Federal Rule of Civil Procedure 65(b), on the grounds that the plaintiff clearly has demonstrated that immediate and irreparable injury, loss or damage may result if advance notice were given to the defendant or the relief defendants, because there exists a risk that investor funds and recoverable assets may be dissipated and/or documents destroyed.

Pending ruling on the plaintiff's motion for a preliminary injunction:

**I.**

**TEMPORARY RESTRAINING ORDER**

The court **ORDERS** that defendant Lawrence and each of his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this order by personal

service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the order, are **RESTRAINED** from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    from employing any device, scheme, or artifice to defraud;

    (b)    from obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    from engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The court **ORDERS** that defendant Lawrence and each of his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this order by personal service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the order, are **RESTRAINED AND ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

    (a)    from employing any device, scheme, or artifice to defraud;

    (b)    from making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

    (c)    from engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### ORDER PROHIBITING DEFENDANT FROM SOLICITING INVESTORS

The court **ORDERS** that defendant Lawrence and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the order, are **PROHIBITED** from soliciting, accepting or depositing any monies from actual or prospective investors pending the resolution of this case.

## III.

### ORDER REQUIRING DEFENDANT TO PROVIDE AN ACCOUNTING

The court **ORDERS** that within seven (7) days following service of this order on him, defendant Lawrence must submit in writing and serve upon the plaintiff an accounting identifying:

(a) All transfers or payments of funds to him or any entity controlled by him from investors or clients in connection with the misconduct described in the complaint (the identification must include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

(b) In detail, the precise disposition of each transfer or payment identified in response to paragraph A above and all assets derived therefrom, including but not limited to

    (i) the nature and results of any investment in which the funds were used;

    (ii) any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment);

    (iii) any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses;

    (iv) by name and address, all persons, entities and accounts currently holding funds or assets derived

from the transfers or payments described in paragraph A above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

(c) Assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of defendant Lawrence, whether in the United States or elsewhere; and

(d) All accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of defendant Lawrence, or in which defendant Lawrence has or had any direct or indirect beneficial interest, at any time from January 1, 2022 to the present.

# IV.

## ORDER REQUIRING DEFENDANT TO PRESERVE DOCUMENTS

The court **ORDERS** that defendant Lawrence and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, including electronic mail or overnight delivery service, are **RESTRAINED** from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to the defendant or the misconduct described in the complaint. Documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy." By way of illustration, the defendant must preserve (without limitation) any computers, emails, text messages, voicemails, calendar entries, contact lists, internet search histories, and any information posted or received on any social media sites. The defendant is **PROHIBITED** from attempting to have any such evidence in the possession, custody or control of third parties destroyed or compromised in any manner.

Notwithstanding any other provision or term of this order, the provisions of Section IV shall not expire and shall remain in effect until further order of the court or final disposition of this case, including all appeals.

# V.

## ORDER REQUIRING EXPEDITED DISCOVERY

The court **ORDERS** that:

The court **AUTHORIZES** expedited discovery under the Federal Rules of Civil Procedure, including Rules 26, 30(a), 33(b), 34(b), 36 and 45. Under this provision and prior to any preliminary injunction hearing, the SEC may notice the defendant's and the relief defendants' depositions, serve written discovery on the defendant and the relief defendants and issue subpoenas to third parties. The plaintiff may effect service of such discovery on the defendant or any third party. Discovery respondents must respond in writing and/or by producing documents, as appropriate, no later than five (5) calendar days after service.

Service of discovery requests are sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by email, facsimile or overnight delivery. All responses to the plaintiff's discovery, all discovery and pleadings and all information to which the SEC is entitled under to the terms of this order must be delivered to Matthew T. Wissa, Securities and Exchange Commission, Chicago Regional Office, by email (wissam@sec.gov) or by overnight or messenger courier delivery (Matthew T. Wissa, 175 W. Jackson Blvd., Suite 1450, Chicago, Illinois 60604, 312-353-7749).

Depositions may be taken by telephone or other remote electronic means.

Depositions taken under this order shall not impact the number of depositions the SEC may take in regular, non-expedited discovery.

Interrogatories issued under this order shall not impact the number of interrogatories the SEC may issue in regular, non-expedited discovery.

The defendant must serve an answer or otherwise appropriately respond to the plaintiff's complaint within seven (7) calendar days from the date of this order.

## VI.

### ORDER ISSUING WRIT OF *NE EXEAT* AND REQUIRING SURRENDER OF PASSPORT(S)

The court **ORDERS** that:

Defendant Lawrence must surrender to the clerk of court all passports that he holds and that he must not leave the United States. The court will retain the defendant's passport(s) until May 15, 2023 (the date of the preliminary injunction hearing), or any later date if the preliminary injunction hearing is rescheduled by the court or by the agreement of the parties. At any time, defendant Lawrence may show cause why the writ should be terminated.

## VII.

### ORDER FOR PRELIMINARY INJUNCTION HEARING

The court **ORDERS** that:

Defendant Lawrence must appear in this court to address the SEC's motion for preliminary injunction, before Chief Judge Pamela Pepper at 9:30 a.m. on May 15, 2023, in Courtroom 222 of the United States District Court for

the Eastern District of Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, and show cause why this court should not either enter a preliminary injunction and order preliminary relief against him under Rule 65 of the Federal Rules of Civil Procedure or extend the temporary relief granted in this order pending a final adjudication on the merits.

The court deems the plaintiff's emergency motion (Dkt. No. 2) to be a motion for a preliminary injunction order; the plaintiff is not required to file or serve a separate motion for a preliminary injunction to seek preliminary relief under Fed. R. Civ. P. 65. The court will consider all materials filed in connection with the motion to have been filed in connection with the plaintiff's request for a preliminary injunction hearing. If the plaintiff requests it, the court will permit the plaintiff to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing no later than seven (7) days prior to that hearing.

No later than ninety-six hours before any scheduled hearing on the motion for preliminary injunction, the defendant must e-mail BeLinda Mathie (mathieb@sec.gov) and Matthew T. Wissa (wissam@sec.gov) his written response to the plaintiff's emergency motion.

## VIII.

## MEANS OF SERVICE

The court **ORDERS** that service of any notices or other documents required or permitted by this order may be accomplished by any means,

including, but not limited to email, facsimile, overnight courier, personal delivery or U.S. mail.

## IX.

## **OTHER RELIEF**

The court **ORDERS** that:

At the plaintiff's request, the United States Marshal or any other appropriate person retained by the plaintiff is authorized and directed to make service of process on the defendant in any district in which the defendant resides, transacts business or may be found.

The court shall retain jurisdiction of this case for all purposes.

Under Federal Rule of Civil Procedure 65(c), no security is required of the plaintiff.

This order expires at 11:59 P.M. fourteen (14) calendar days following its entry, unless the court orders otherwise.

Dated in Milwaukee, Wisconsin this 4th day of May, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**