UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

  v.

CHARLES T. LAWRENCE, JR.,

        Defendant,

  and

LANDES PRIVE, LLC;
LANDES AND COMPAGNIE TRUST PRIVE
*a/k/a Landes and Compagnie Trst Prive Kb*;
HEKYEAH, LLC; JUSTIN D. SMITH
and BRENDA M. BISNER;

        Relief Defendants.

Case No. 23-cv-550-pp

**ORDER GRANTING PLAINTIFF'S AGREED MOTION TO APPROVE STIPULATION AND ENTER PROPOSED PRELIMINARY INJUNCTION ORDER (DKT. NO. 40), APPROVING STIPULATION (DKT. NO. 39) AND ISSUING PRELIMINARY INJUNCTION ORDER AND OTHER RELIEF**

The court has considered the complaint (Dkt. No. 1), the United States Securities and Exchange Commission's *Ex Parte* Emergency Motion for a Temporary Restraining Order, Asset Freeze Order, and Emergency Ancillary Relief (Dkt. No. 2) and the plaintiff's brief in support of the *ex parte* emergency motion for temporary restraining order, asset freeze order, and other emergency relief (Dkt. No. 3). The court also has reviewed the stipulation between the plaintiff and defendant Charles T. Lawrence, Jr. executed on June

1

12, 2023, in which defendant Lawrence stipulates and agrees to the entry of this order of preliminary injunction and other relief. Dkt. No. 39.

The court **GRANTS** the plaintiff's agreed motion to approve stipulation and enter proposed preliminary injunction order. Dkt. No. 40.

The court **APPROVES** the June 12, 2023 stipulation between the plaintiff and defendant Charles T. Lawrence, Jr. agreeing to this court's issuance of a preliminary injunction and granting of other relief. Dkt. No. 39.

The court **FINDS** that the Commission has made a proper *prima facie* showing that: (i) defendant Charles T. Lawrence, Jr. directly or indirectly engaged in the violations alleged in the complaint; (ii) there is a reasonable likelihood that these violations will be repeated; (iii) unless restrained and enjoined by an order from this court, Lawrence may dissipate, conceal or transfer from the jurisdiction of this court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) entry of a preliminary injunction and order for other equitable relief as described below is necessary and appropriate:

## PRELIMINARY INJUNCTION ORDER

The court **ORDERS** that Defendant Charles T. Lawrence, Jr., and each of his agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Order of Preliminary Injunction and Other Relief ("Order") by personal service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the Order, are **PRELIMINARILY ENJOINED** from

violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The court **ORDERS** that Defendant Charles T. Lawrence, Jr. and each of his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the Order, are **PRELIMINARILY ENJOINED** from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

**ORDER PROHIBITING DEFENDANT FROM SOLICITING INVESTORS**

The court **ORDERS** that Defendant Charles T. Lawrence, Jr. and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, overnight delivery service, or any other manner permitted by the Order, are **PRELIMINARILY ENJOINED** from soliciting, accepting, or depositing any monies from actual or prospective investors pending the resolution of this case.

**III.**

**ORDER REQUIRING DEFENDANT TO PRESERVE DOCUMENTS**

The court **ORDERS** that, pending further order of this court, the order barring the destruction of documents imposed by Section IV of the Temporary Restraining Order (Dkt. No. 12) continues in **full force and effect**.

**IV.**

**ASSET FREEZE ORDER**

The court **ORDERS** that, pending further order of this court, the asset freeze imposed by the court's May 4, 2023 Order Granting Motion for Asset (Dkt. No. 13) ("the Asset Freeze Order"), as modified by the courts May 22, 2023 Order Granting Plaintiff's Stipulation and Approving Stipulation of Plaintiff and Relief Defendant Brenda M. Bisner to Modify Asset Freeze Order

(Dkt. No. 35), continues in **full force and effect**, and all such funds and other assets must remain frozen.

## V.

## MEANS OF SERVICE

The court **ORDERS** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to email, facsimile, overnight courier, personal delivery, or U.S. mail.

## VI.

## OTHER RELIEF

The court **ORDERS** that:

A.    The court retains jurisdiction of this matter for all purposes.

B.    Under Federal Rule of Civil Procedure 65(c), no security is required of the Commission.

C.    This Preliminary Injunction shall remain in effect until entry of a final judgment in, or other final disposition of, this case.

Dated in Milwaukee, Wisconsin this 14th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**