UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.

CHARLES T. LAWRENCE, JR.

        Defendant

  and

LANDES PRIVE, LLC.,
LANDES AND COMPAGNIE TRUST PRIVE
*a/k/a Landes and Compagnie Trst KB*,
HEKYEAH, LLC, JUSTIN D. SMITH
and BRENDA M. BISNER,

        Relief Defendants

Case No. 23-cv-550-pp

**FINAL JUDGMENT AS TO RELIEF DEFENDANT BRENDA M. BISNER**

    Relief defendant Brenda M. Bisner consents to entry of this final judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and as otherwise provided in this judgment), waives findings of fact and conclusions of law and waives any right to appeal from this final judgment.

I.

    The court **ORDERS** and **ADJUDGES** that Brenda M. Bisner is liable for disgorgement of $183,951, representing ill-gotten funds received by Bisner as

1

alleged in the complaint, together with prejudgment interest on those funds in the amount of $18,940, for a total of $202,891. After entry of this final judgment, Bisner must satisfy this obligation by paying $202,891 to the Securities and Exchange Commission under the terms of the payment schedule in Paragraph II of this final judgment.

Bisner may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Bisner also may pay by certified check, bank cashier's check or United States postal money order payable to the Securities and Exchange Commission; she must deliver or mail those forms of payment to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and must include with the payment an accompanying letter identifying the case title, civil action number and name of this court; Brenda M. Bisner as a relief defendant in this action; and a statement that the payment is being made in compliance with this final judgment.

Simultaneously with the submission of payment, Bisner must transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this case. By making this payment, Bisner relinquishes all legal and equitable right, title and interest in such funds and no part of the funds shall be returned to Bisner.

The Commission must hold the funds (collectively, the "fund") until further order of this court. The SEC may propose a plan to distribute the fund subject to the court's approval, and the court shall retain jurisdiction over the administration of any distribution of the fund.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this final judgment. Bisner must pay post judgment interest on any amounts due after thirty (30) days of entry of this final judgment, under 28 U.S.C. § 1961.

## II.

Bisner must pay to the Commission the total of the disgorgement and prejudgment interest—$202,891—in four installment payments according to the following schedule: (1) $59,034.49, within three (3) days of entry of this final judgment, which shall be satisfied by the transfer described in Paragraph III. below; (2) $47,952.17, within one hundred eight (180) days of entry of this final judgment; (3) $47,952.17, within two hundred seventy (270) days of entry of this final judgment; and (4) $47,952.17, within three hundred sixty-five (365) days of entry of this final judgment. Payments shall be deemed made on the date the Commission receives them and the Commission must apply the payments first to post judgment interest, which accrues under 28 U.S.C. §1961 on any unpaid amounts due after thirty (30) days of the entry of final judgment. Before making the final payment described in this final judgment,

Bisner must contact the staff of the Commission for the amount due for the final payment.

If Bisner fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this final judgment—including post-judgment interest, minus any payments made—shall become due and payable immediately at the discretion of the staff of the Commission without further application to the court.

III.

The court **ORDERS** that within three (3) business days after being served by UPS next-day delivery or email from the SEC with a copy of this final judgment, Bank of America, N.A. ("BofA") must transfer the entire balance of the following BofA account(s) (which were frozen by an order of this court) to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Brenda M. Bisner** | *3293 |

BofA may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. BofA also may transfer these funds by certified check, bank cashier's check or United States postal money order payable to the Securities and Exchange Commission; BofA must deliver or mail payments made in those formats to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and must include with the payment an accompanying letter identifying the case title, civil action number and name of this court, as well as a statement specifying that payment is made in compliance with this final judgment.

IV.

The court **ORDERS** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Bisner, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Bisner under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this case, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

The court **RETAINS JURISDICTION** of this case for the purposes of enforcing the terms of this final judgment.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

GINA M. COLLETTI
Clerk of Court

s/*Cary Biskupic*
(by) Deputy Clerk

**BY THE COURT:**

HON. PAMELA PEPPER
**Chief United States District Judge**