**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  vs.

CHARLES T. LAWRENCE, JR.

        Defendant,

   and

LANDES PRIVE, LLC, LANDES AND
COMPAGNIE TRUST PRIVE aka LANDES
AND COMPAGNIE TRST PRIVE
KB, HEKYEAH, LLC, JUSTIN D. SMITH,
and BRENDA M. BISNER,

        Relief Defendants.

**Case No. 23-cv-550-pp**

**Chief Judge Hon. Pamela Pepper**

---

**PLAINTIFF SEC'S UNOPPOSED MOTION FOR ENTRY OF
CONSENT JUDGMENT AS TO RELIEF DEFENDANT JUSTIN D. SMITH
AND TO AMEND JUDGMENT AS TO RELIEF DEFENDANT LANDES AND
COMPAGNIE TRUST PRIVE AKA LANDES AND COMPAGNIE TRST PRIVE KB**

        Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves the Court to

enter the proposed Final Judgment as to Relief Defendant Justin D. Smith ("Relief Defendant

Smith") attached hereto as **Exhibit 1.** The SEC and Relief Defendant Smith have reached a

settlement of this matter, and Relief Defendant Smith has consented to the entry of the proposed

Final Judgment. Attached hereto as **Exhibit 2** is the executed Consent of Relief Defendant

Smith, which sets forth the terms of his settlement with the SEC. Because the proposed Final

Judgment provides that Relief Defendant Smith's liability for disgorgement and prejudgment

interest is joint and several with his entity Relief Defendant Landes and Compagnie Trust Prive aka Landes and Compagnie Trst Prive KB ("Relief Defendant Landes KB"), the SEC further requests this Court issued an amended judgment as to Relief Defendant Landes KB, clarifying that Landes KB's liability for disgorgement and prejudgment interest is joint and several with Relief Defendant Smith. Attached hereto as **Exhibit 3** is the proposed Amended Final Judgment as to Relief Defendant Landes KB. In support of this motion, the SEC states:

## Background

1.      On May 1, 2023, the SEC filed its Complaint against Defendant Charles T. Lawrence ("Defendant Lawrence"), and five relief defendants, including Relief Defendant Smith, alleging, inter alia, that Defendant Lawrence engaged in securities fraud, from which Relief Defendant Smith received ill-gotten gains to which he had no legitimate claim. Dkt. 1 ¶¶ 24, 43, 49, 63-65.

2.      The Complaint also alleged that Relief Defendant Smith formed Relief Defendant Landes KB and controlled accounts in the name of Landes KB, and that Landes KB "received ill-gotten investor funds from Lawrence." Dkt. 1 ¶ 22.

3.      On June 13, 2023, the SEC filed a request for entry of default against several relief defendants, including Relief Defendant Landes KB. Dkt. 41. The Clerk of Court entered default as to those relief defendants in a text-only docket entry on June 14, 2023.

4.      On July 12, 2024, the SEC filed its Motion for Default Judgment Against Entity Relief Defendants, including Relief Defendant Landes KB. Dkt. 62. The Court entered a final judgment by default on October 31, 2024. Dkt. 72. The final judgment provided that Landes KB was liable for disgorgement of $297,700 together with prejudgment interest of $38,371. Dkt. 72 at 2.

5.      The SEC and Relief Defendant Smith have now reached an agreement to resolve the claims against him and submit a proposed Final Judgment that includes disgorgement of $297,700 and prejudgment interest in the amount of $38,371. The Final Judgment calls for Relief Defendant Smith to satisfy the Final Judgment via a payment plan. The first installment of the payment plan will be made via turnover of funds currently frozen in accounts at the financial institutions identified in the Final Judgment and Consent. *See* Exs. 1, 2.

6.      Because Relief Defendant Smith formed Relief Defendant Landes KB and controlled financial accounts in the name of Landes KB, the proposed Final Judgment holds Relief Defendant Smith liable, jointly and severally, with Relief Defendant Landes KB for disgorgement and prejudgment interest. Ex. 1 at 2.

7.      Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted).

8.      Given the allegations in the Complaint (Dkt. 1 ¶¶ 43, 49, 63-65), the relief set forth in Paragraph 5 above is a fair and reasonable resolution of this matter, as the $297,700 disgorgement figure equals Relief Defendant Smith's ill-gotten gains resulting from Defendant Lawrence's securities laws violations, to which Smith has no legitimate claim. Imposing joint and several liability for disgorgement between Relief Defendant Smith and Relief Defendant

Landes KB is fair and reasonable because Smith's ill-gotten gains overlap completely with those of Landes KB.

9.     This Court has broad authority to determine what equitable relief is appropriate in this enforcement action, and the imposition of equitable remedies is committed to this Court's sound discretion.  *See, e.g., SEC v. Yang*, 670 F. Supp. 3d 695, 716-17 (E.D. Wisc. 2023).

10.     In this case, Relief Defendant Smith has agreed to the entry of a final judgment imposing disgorgement of $297,700 and prejudgment interest in the amount of $38,371 on a joint and several basis with Relief Defendant Landes KB and agreed "that the Commission may present the Final Judgment to the Court for signature and entry without further notice." Ex. 2 ¶ 13.

11.     Counsel for the SEC has conferred with Defendant Charles T. Lawrence. On July 17, 2025, Lawrence stated via email that he does not oppose this motion.

WHEREFORE, Plaintiff United States Securities and Exchange Commission respectfully requests that the Court grant the SEC's motion, enter the proposed Final Judgment as to Relief Defendant Smith attached as **Exhibit 1** to this motion, issue an amended final judgment as to Relief Defendant Landes KB attached as **Exhibit 3**, and grant such other and further relief as the Court deems appropriate.

Dated: July 18, 2025                                    Respectfully submitted,

By: */s/BeLinda I. Mathie*
BeLinda I. Mathie (mathieb@sec.gov)
Matthew T. Wissa (wissam@sec.gov)
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois  60604
Telephone: (312) 353-7390
*Attorneys for the Plaintiff United States*
*Securities and Exchange Commission*

4

## CERTIFICATE OF SERVICE

I certify that on July 18, 2025, I caused a copy of the foregoing document to be served by

ECF upon:

Vadim Glozman, Esq. (vg@glozmanlaw.com)
Law Offices of Vadim A. Glozman
53 West Jackson Blvd., Suite 1410
Chicago, IL 60604
*Counsel to Relief Defendant Justin D. Smith*

and by U.S. Mail delivery upon:

Charles T. Lawrence, #64061-510
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

*/s/BeLinda I. Mathie*
BeLinda I. Mathie