UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHARLES T. LAWRENCE, JR.,

    Defendant,

and                                                               Case No. 23-cv-550-pp

LANDES PRIVE, LLC;
LANDES AND COMPAGNIE TRUST PRIVE
*a/k/a Landes and Compagnie Trst Prive KB*;
HEKYEAH, LLC; JUSTIN D. SMITH
and BRENDA M. BISNER,

    Relief Defendants.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT AS TO RELIEF DEFENDANT JUSTIN D. SMITH AND TO AMEND JUDGMENT AS TO RELIEF DEFENDANT LANDES AND COMPAGNIE TRUST PRIVE A/K/A LANDES AND COMPANY TRST PRIVE KB (DKT. NO. 97)**

On July 18, 2025, the plaintiff reported that it had reached a settlement with relief defendant Justin D. Smith and filed a motion for the entry of consent judgment as to Smith and to amend the judgment as to relief defendant Landes and Compagnie Trust Prive a/k/a Landes and Compagnie Trst Prive KB ("Landes KB"). Dkt. No. 97. The court will grant the motion and amend the judgment.

1

In the complaint, the plaintiff alleged that relief defendant Smith formed Landes KB, controlled the accounts in the name of Landes KB, and received "ill-gotten investor funds" from Charles Lawrence. Dkt. No. 1 at ¶22. On June 14, 2023, the Clerk of Court entered default as to relief defendant Landes KB. On October 31, 2024, the court granted the plaintiff's motion for default judgment and the judgment provided that Landes KB was liable for disgorgement of $297,700 together with prejudgment interest in the amount of $38,371. Dkt. No. 72 at 2.

Having settled with Smith, the proposed final judgment holds Smith liable, jointly and severally with Landes KB, for the disgorgement of $297,700 and prejudgment interest in the amount of $38,371. Dkt. No. 97 at ¶5. The plaintiff and Smith have agreed upon a payment plan, which requires that the first installment be made through the turnover of funds currently frozen in accounts at the financial institutions identified in the final judgment and consent agreement. Id.

The court finds the consent agreement to be fair and reasonable, with clear terms, and a reflection of the actual claims in the complaint. See SEC v. Citigroup Global Markets, Inc., 752 F.3d 285, 294-295 (2d Cir. 2014). There is nothing to suggest that the decree is tainted by improper collusion or corruption. Id. at 295. The court already found Landes KB to be in default, and the complaint and the joint motion establish a basis for joint and several liability between Smith and Landes KB.

The court **GRANTS** the plaintiff's unopposed motion for entry of consent judgment as to relief defendant Justin D. Smith and to amend judgment as to relief defendant Landes and Compagnie Trust Prive a/k/a Landes and Compagnie Trst Prive KB.

The court **ORDERS** the clerk to enter the consent judgment as to Justin D. Smith and the amended judgment as to Landes and Compagnie Trust Prive a/k/a Landes and Compagnie Trst Prive KB.

Dated in Milwaukee, Wisconsin this 25th day of August, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**