UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

vs.

CHARLES T. LAWRENCE, JR.

    Defendant.

**Case No. 23-cv-550-pp**

**Chief Judge Hon. Pamela Pepper**

## SEC'S RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules, and this Court's August 12, 2025 Order (ECF 100), Plaintiff the United States Securities and Exchange Commission ("SEC") hereby submits its Rule 26(f) Report. As described in the SEC's Motion for Status Hearing, filed concurrently, despite multiple attempts, the SEC was unable to communicate with Defendant Charles T. Lawrence, Jr. ("Lawrence") about the contents of this Report or obtain his permission to affix his signature to the Report. Therefore, the SEC files this Report on its own behalf.

**A.**     **Statement of the Case**

This is a civil securities enforcement action brought by the SEC. The SEC's Complaint was filed on May 1, 2023. (ECF 1.) Lawrence is the only remaining defendant.[1] The SEC served

---

[1] The Court entered default judgments against Relief Defendants Landes Prive, LLC, Landes and Compagnie Trust Prive a/k/a Landes and Compagnie Trst Prive KB ("Landes KB"), and HekYeah, LLC on October 31, 2024. (ECF 72.) The Court entered an amended default judgment against Landes KB on August 25, 2025. (ECF 103.) The Court entered judgments by consent against Relief Defendant Brenda Bisner on October 31, 2024 (ECF 73) and Relief Defendant Justin Smith on August 25, 2025 (ECF 102).

Lawrence with the Complaint on May 15, 2023. (ECF 32.) Counsel for Lawrence entered an appearance on June 12, 2023. (ECF 38.) On June 15, 2023, Lawrence filed a motion seeking a stay of the SEC's civil case in light of pending parallel criminal charges in *United States v. Lawrence*, No. 23-cr-96-LA (E.D. Wis.) (the "Criminal Case"). (ECF 46.) On June 20, 2023, the Court entered an order granting Lawrence's motion for a stay "as to defendant Charles Lawrence only." (ECF 49.) On November 12, 2024, the SEC filed a motion seeking to lift the stay of this action because Lawrence had entered into a plea agreement in the Criminal Case and had been sentenced. (ECF 74.) The Court granted the SEC's motion and lifted the stay on November 13, 2024. (ECF 75.)

1. **Concise factual summary of Plaintiff SEC's claims:**

The SEC's Complaint alleges that from at least February 2022 through the filing of the Complaint, Lawrence engaged in a fraudulent investment scheme during which Lawrence raised approximately $4.9 million through the offer and sale of investment contracts to at least 11 investors, at least two of whom reside in the Eastern District of Wisconsin. (ECF 1 ¶¶ 1-2.) Lawrence told prospective investors the investment contracts he offered were expected to provide weekly returns of 25% to 100% during an 8- to 20-week investment period. (*Id.* ¶ 3.) He also claimed that investors' funds would be "blocked" during the trading period and not be at risk. (*Id.*) Lawrence also told investors that he would use their funds to obtain a standby letter of credit or other collateral to facilitate his trading in securities and other assets. (*Id.* ¶ 4.)

Contrary to Lawrence's representations about the safety and use of investor funds, Lawrence diverted and misappropriated at least $4.89 million of the $4.9 million he raised. (*Id.* ¶ 5.) He did not use investor money to procure a standby letter of credit or other collateral. (*Id.*) Instead, Lawrence spent investor funds on personal expenses, including high-end jewelers and

2

Case 2:23-cv-00550-PP    Filed 09/16/25    Page 2 of 8    Document 104

chartered flights, to compensate individuals who connected him with investors, and to pay early investors in furtherance of the scheme. (*Id.* ¶ 6.) To convince investors that their investments were profitable and safe, Lawrence sent weekly emails falsely reporting investors' purported weekly returns. (*Id.* ¶ 7.) He also provided investors with access to an online portal that he claimed showed investors that their money was secure in "non-depletion accounts" and fabricated various reasons for delays in returning investment capital or purported returns to investors. (*Id.*) The Complaint alleges that Lawrence acted knowingly and/or recklessly in making false representations and omissions of material fact to investors. (*Id.* ¶ 10.)

    **2.**    **Concise factual summary of Defendant Lawrence's claims/defenses:**

Lawrence did not provide a summary to be included in this section.

**B.**    **Jurisdiction and Venue**

The SEC brings this action under Sections 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)] and Section 21(d) the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)].

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa(a)].

Venue is proper in this Court pursuant to Section 22 of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa(a)] because certain acts, practices, and courses of business constituting the violations of the federal securities laws alleged in the Complaint occurred in this District. Moreover, at least two victims of Lawrence's alleged securities violations reside in this District.

C. **Answer and Motion Status**

Lawrence has not yet answered the Complaint. The Clerk of Court entered default as to Lawrence on January 21, 2025, but the Court vacated the default on April 9, 2025 for the reasons discussed in ECF 93. The SEC proposes October 16, 2025, one month from the filing of this Report, as Lawrence's deadline to answer or otherwise respond to the Complaint.

There are no pending motions in this matter. At this time, the SEC does not anticipate filing motions seeking to add other parties or claims, or file amended pleadings. If Lawrence does not agree to settle this matter, the SEC intends either to file a motion for default judgment based on Lawrence's failure to answer or otherwise respond to the Complaint; or to file a motion for summary judgment, based on the collateral estoppel effect of his conviction in the Criminal Case.

D. **Possibility of Settlement**

Since approximately January 2025, Lawrence has expressed an interest in settling this matter. In April 2025, counsel for the SEC mailed Lawrence a consent and proposed final judgment reflecting the terms on which SEC staff would be willing to recommend a settlement of this matter to the SEC's Commissioners. In August 2025, counsel for the SEC mailed Lawrence a revised consent and proposed final judgment modifying the terms of the proposed settlement to make Lawrence's liability for disgorgement and prejudgment interest joint and several with that of his entity Landes Prive LLC. Although the SEC has repeatedly asked Lawrence to confirm receipt of these materials, he has not done so.

On August 12, 2025, the Court entered an order granting Lawrence's "Motion Requesting Additional Time to Retain Counsel." (ECF 100.) The order provided that Lawrence's time to retain counsel was extended to the end of the day on September 9, 2025, but if no counsel

appeared for the defendant by that deadline, "the court will proceed under the assumption that the defendant is representing himself and will cooperate with the plaintiff in settlement discussions and in crafting a Rule 26(f) report." (*Id*.) No attorney entered an appearance on behalf of Lawrence by the September 9, 2025 deadline. As of September 16, 2025, no attorney has contacted the SEC to indicate that he or she represents Lawrence, Lawrence has not informed the SEC that he is represented, and no attorney has entered an appearance on Lawrence's behalf. Lawrence has not communicated with the SEC since his August 8, 2025 CorrLinks message, which was attached as Exhibit A to the SEC's Motion to Extend Rule 26(f) Deadline. (ECF 98-1.)

E. **Legal Issues**

The SEC anticipates that in a contested proceeding, the key legal issues to be disputed in this action would be whether: (1) Lawrence's claims about the purported returns of the investments were materially false and misleading; (2) Lawrence's claims about the safety and use of investor funds were materially false and misleading; (3) Lawrence acted with scienter; (4) Lawrence acted recklessly; (5) Lawrence acted negligently; and (6) if any claims are proven, permanent injunctive relief is appropriate and the appropriate amount, if any, of disgorgement and prejudgment interest and civil penalties. However, as set forth above, if Lawrence does not agree to settle this matter, the SEC intends either to file a motion for default judgment based on Lawrence's failure to answer or otherwise respond to the Complaint; or to file a motion for summary judgment, based on the collateral estoppel effect of his conviction in the Criminal Case.

5

Case 2:23-cv-00550-PP      Filed 09/16/25      Page 5 of 8      Document 104

F.  **Initial Disclosures**

In light of Lawrence's failure to cooperate in crafting this Report, and in light of the SEC's plans to move for a default judgment, or for summary judgment based on Lawrence's conviction in the Criminal Case, the SEC does not propose a deadline to exchange Rule 26(a) initial disclosures at this time.

G.  **Discovery Plan**

In light of Lawrence's failure to cooperate in crafting this Report, and in light of the SEC's plans to move for a default judgment, or for summary judgment based on Lawrence's conviction in the Criminal Case, the SEC does not believe discovery in this case will be necessary, and, accordingly, does not propose a discovery plan at this time.

H.  **Motion Schedule**

The SEC proposes the following deadlines for filing motions:

| Event | Date |
|---|---|
| Motions to Amend Pleadings/Parties | November 3, 2025 |
| Motion for Default Judgment or Motion for Summary Judgment | February 6, 2026 |

I.  **Protective Order**

Because the SEC does not anticipate the need for discovery in this action, the SEC does not believe that a protective order is necessary at this time.

J.  **Claims of Privilege or of Protection As Trial Preparation Materials**

Because the SEC does not anticipate the need for discovery in this action, the SEC does not believe it is necessary to address claims of privilege or protection as trial preparation materials at this time.

**K.     Magistrate Judge**

The SEC does not consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**L.     Other Issues**

The SEC notes that because Lawrence is incarcerated and *pro se*, communications with Lawrence are likely to be delayed.

Dated: September 16, 2025                                     Respectfully submitted,

                                          */s/BeLinda I. Mathie*
                                          BeLinda I. Mathie (mathieb@sec.gov)
                                          Matthew T. Wissa (wissam@sec.gov)
                                          U.S. Securities and Exchange Commission
                                          Chicago Regional Office
                                          175 West Jackson Boulevard, Suite 1450
                                          Chicago, Illinois 60604
                                          Telephone: (312) 353-7390
                                          Attorneys for Plaintiff United States Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I certify that on September 16, 2025, I caused a copy of the foregoing document and any attachments thereto to be served by U.S. Mail delivery upon:

Charles T. Lawrence, #64061-510
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

                                                                       */s/BeLinda I. Mathie*
                                                                         BeLinda I. Mathie